FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 19 2008
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ROXANNA GONZALEZ,

            Plaintiff,

-against-

LARRY WILLIAMS,

            Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
08-CV-4729 (ENV)

VITALIANO, United States District Judge.

On November 19, 2008, plaintiff proceeding *pro se,* filed this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as codified, 42 U.S.C. §§ 12112-12117. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely for the purpose of this order and directs plaintiff to submit an amended complaint within thirty (30) days of the date of this order as detailed below.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Because plaintiff is proceeding *pro se*, the Court must liberally construe her pleadings, and must interpret her complaint to raise the strongest arguments it suggests. See McPherson v.

1

Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

The ADA provides that "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A covered entity is defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2); see Infantolino v. Joint Industry Bd. of Elec. Indus., No. 06 CV 520, 2008 WL 4453558, at *5 (E.D.N.Y. Oct. 1, 2008).

Here, plaintiff fails to name a proper defendant. Instead of naming a covered entity, as defined by the ADA, she names her former supervisor. However, there is no individual liability under the ADA. Fox v. State University of New York, 497 F.Supp.2d 446, 449-450 (E.D.N.Y. 2007); Garibaldi v. Anixter, Inc., 407 F.Supp.2d 449, 451 (W.D.N.Y. 2006) ("there is no individual liability under any of the federal anti-discrimination statutes, including Title VII, the ADA, and the ADEA"); Rodriguez v. Kenny, No. 00 CV 8022, 2005 WL 3358479, at *1 (S.D.N.Y. Dec. 6, 2005) ("[t]he law is well settled that individuals cannot be held liable for Title VII and ADA violations").

## LEAVE TO AMEND

Accordingly, in deference to plaintiff's *pro se* status, this Court will grant plaintiff leave to amend her complaint to name a proper defendant. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.[1] No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend her complaint within 30 days as directed by this order, the Court shall dismiss this complaint.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
December 18, 2008

---

[1] An employment discrimination complaint form is attached to this order for plaintiff's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____
_____                    **COMPLAINT**

_____
NAME OF PLAINTIFF(S)

                v.

_____

_____

_____
NAME OF DEFENDANT(S)


This action is brought for discrimination in employment pursuant to (check only those that apply):

| | |
|---|---|
| _____ | Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).<br>**NOTE:** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.* |
| _____ | Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592 , the Civil Rights Act of 1991, Pub. L. No. 102-166).<br>**NOTE:** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.* |
| _____ | Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166).<br>**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.* |

Jurisdiction is specifically conferred upon this United States District Court by the aformentioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1. Plaintiff resides at:

_____
Street Address

_____, _____, _____, _____.
County         State            Zip Code        Telephone Number

2. Defendant(s) resides at, or its business is located at:

_____
Street Address

_____, _____, _____, _____
County         City             State            Zip Code

3. The address at which I sought employment or was employed by the defendant(s) is:

_____
Street Address

_____, _____, _____, _____
County         City             State            Zip Code

4. The discriminatory conduct of which I complain in this action includes (check only those that apply).

    \_\_\_\_\_    Failure to hire.

    \_\_\_\_\_    Termination of my employment.

    \_\_\_\_\_    Failure to promote.

    \_\_\_\_\_    Failure to accommodate my disability.

    \_\_\_\_\_    Unequal terms and conditions of my employment.

    \_\_\_\_\_    Retaliation

    \_\_\_\_\_    Other acts (specify): _____.

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5. It is my best recollection that the alleged discriminatory acts occurred on:
_____.
Date(s)

6. I believe that the defendant(s) (check one)

    \_\_\_\_\_ is still committing these acts against me.

    \_\_\_\_\_ is <u>not</u> still committing these acts against me.

7. Defendant(s) discriminated against me based on my:
(check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)

    [ ]    race _____    [ ]    color _____

    [ ]    gender/sex _____    [ ]    religion _____

    [ ]    national origin _____

    [ ]    age _____    My date of birth is: _____
                                                                                                                                    Date
    [ ]    disability _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

8. The facts of my case are as follows:

_____

_____

_____

_____

_____

_____

_____

_____

(Attach additional sheets as necessary)

**Note:**  As additional support for your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.

9. It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: _____.
                                                                                     Date

10. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: _____.
                                                                                                             Date

**Only litigants alleging age discrimination must answer Question #11.**

11. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (check one),

    _____  60 days or more have elapsed.

    _____  less than 60 days have elapsed.

12. The Equal Employment Opportunity Commission (check one):

    _____  has <u>not</u> issued a Right to Sue letter.

    _____  <u>has</u> issued a Right to Sue letter, which I **received** on _____.
                                                                         Date

**NOTE:** Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.

     WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

_____
PLAINTIFF'S SIGNATURE

Dated:_____

_____
Address

_____
Phone Number